## DE LISI v. BOOTH & CO. et al.

### (District Court, E. D. New York. February 16, 1921.)

**Release ☞57(1)—On settlement for personal injuries valid.**

A release signed by libelant on receipt of a lump sum in settlement of a claim for personal injuries, after payments made to him under the State Workmen's Compensation Law had ceased, because of the decision of the Supreme Court that such law was not applicable to such cases, *held* to have been executed with full understanding of the situation and to bar a suit for further compensation.

In Admiralty. Suit by Frank De Lisi against Booth & Co. and the Booth Steamship Company, Limited. Dismissed.

Thomas O'Rourke Gallagher, of New York City, for libelant.

Haight, Sandford, Smith & Griffin, of New York City, for respondent Booth S. S. Co.

Benjamin C. Loder, of New York City, for respondent Booth & Co.

CHATFIELD, District Judge. The pleadings raise the defense, which has been heard as a preliminary matter, that the libelant, with knowledge, accepted a settlement of his claim, and executed, with understanding of the consequences and of the contents of the release, a release and satisfaction on payment of $1,550.

It has been unnecessary at this preliminary hearing to go into the merits of the libelant's cause of action; but the pleadings indicate that liability in admiralty was contested and that the respondent has evidence showing that it was without fault. It would also appear from the pleadings that the libelant's injuries were severe, and that his incapacity is such that settlement of the claim was advisable, even though the respondent had what would be a good defense on the merits, if it could be substantiated.

The whole matter has been obscured and confused by the situation arising from the decision of the so-called Jensen Case (So. Pac. Co. v. Jensen, 244 U. S. 205, 37 Sup. Ct. 524, 61 L. Ed. 1086, L. R. A. 1918C, 451, Ann. Cas. 1917E, 900) in the month of May, 1917. At that time the libelant had been receiving compensation for nearly two years. There was a possibility—in fact, a probability—that legislation by Congress would obviate or nullify the effects of the Jensen decision. Compensation under the state law would thus be (as it was in fact) re-established, and a release entered into because of the Jensen decision would then properly be disregarded, if the lapse in jurisdiction were wiped out by a further act of Congress. It was not foreseen at the time that, if Congress did legislate, its jurisdiction to so legislate would be denied by the Supreme Court of the United States, as was done in the case of Knickerbocker Ice Co. v. Stewart (decided May 17, 1920) 253 U. S. 149, 40 Sup. Ct. 438, 64 L. Ed. 834.

Under these circumstances, the whole situation is plain, particularly in view of the apparent fact that when compensation payments ceas-

ed the libelant was strongly in need of money. It would appear from his testimony and that of Mr. Denitti that De Lisi understood that, if the Compensation Law continued in effect or was restored to effect, he might get further compensation. He understood that, if he was to get no further payments by way of compensation, the respondents would pay him but $1,550 in a lump sum, and he understood, apparently, that he must set himself up in business, or go to Italy, or do something, if the effect of the Jensen decision were not removed.

In view of all this, and the testimony that he brought his own interpreter (even though the interpreter did not apparently, in detail, seek to make difficult his acceptance of the settlement, but rather encouraged it), in view of the fact that the release was interpreted to him, and in view of the fact that liability was contested, it does not seem to me that the libelant was defrauded, or that he entered into the signing of the release under such a plain failure to understand the situation that he can repudiate the release and the settlement which he made.

It is impossible to consider that he anticipated a second decision in his favor, if legislation restored compensation. If he was hoping that compensation would still be granted, and that the settlement would be only temporary, it is impossible to find that he did not know what he was doing, even though the result works extreme hardship on the libelant.

I feel that, upon the evidence showing the circumstance of signing that release, as well as upon the face of the paper itself, and the rule of law that the person bound by the release cannot vary the effect of the written instrument, except by making out a plain case of fraud or deception in learning what he was signing, I must hold that the settlement of the case was binding, and dismiss the libel.

You may have an exception, and I will extend the terms 60 days. after the entry of judgment.